# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-365V
### Filed: November 21, 2016
### UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
STEPHEN KNOWLES,                      *
                                      *
              Petitioner,             *
v.                                    *
                                      *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington University Law School, Washington, D.C., for petitioner.
*Gordon Elliot Shemin*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 21, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barre Syndrome ("GBS") following receipt of his September 17, 2015 influenza vaccination. On September 26, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 24).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 25, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 29). Petitioner requests attorneys' fees in the amount of $26,541.65 and attorneys' costs in the amount of $415.73 for a total amount of $26,957.38. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating petitioner incurred no out-of-pocket expenses. On November 4, 2016, respondent filed a response to petitioner's motion. (ECF No. 30).

In her response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent further "asserts that a reasonable amount for fees and costs in the present case would fall between $18,000.00 to $24,000.00" but provides no basis or explanation for how she arrived at this proposed range. *Id.* at 3.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,957.38[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Renee J. Gentry of the Vaccine Injury Clinic at George Washington University Law School.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.